# Third District Court of Appeal

## State of Florida

Opinion filed May 7, 2025.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D24-1747
Lower Tribunal No. 24-161713-CC-26

————————

**Nephatari P. Ford,**
Appellant,

vs.

**Princeton Groves FL Apartments,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Lawrence D. King, Judge.

Nephatari P. Ford, in proper person.

No appearance for appellee.

Before EMAS, MILLER and GOODEN, JJ.

EMAS, J.

**INTRODUCTION**

Nephatari Ford appeals an order denying her motion to set aside a default final judgment of eviction. Because Ford interposed a defense of payment of rent, and further requested a determination of the amount of rent to be placed in the court registry during the pendency of the action, the trial court erred in entering a default final judgment without first holding a hearing, requiring vacatur of the default final judgment and the writ of possession.

**FACTUAL AND PROCEDURAL HISTORY**

In August 2024, Princeton Groves FL Apartments ("Landlord") filed a one-count complaint for residential eviction of Ford, alleging she failed to pay rent for the month of August 2024. According to the allegations of Landlord's complaint, Ford's rent of $1,558 was due on August 1; on August 9, Landlord served a notice to pay or vacate. The complaint alleged that Ford must pay $1,558 in the court registry or Landlord would be entitled to a default judgment for removal and for recovery of the rent plus costs. A copy of the lease agreement was attached to the complaint, along with the three-day notice served on Ford.

The complaint and summons were served on August 22. On August 28, 2024, Ford filed a response, disputing the allegation that rent was due Landlord. Ford asserted, inter alia, that her rent was prepaid during the

execution of the lease. Ford filed a second response with the clerk of court, reaffirming that she did not agree with Landlord that any rent was due because "advanced payment was made, on the face of the application, to cover the 1 year contract when the lease was signed in September of 2023." Ford requested the court dismiss Landlord's claim, and added: "At the discretion of the court, specifically based off of the proof of payment that was previously submitted, please advise the amount, undoubtedly due to the clerk of court."

Thereafter, Landlord moved for entry of default and default final judgment, pursuant to the summary eviction procedure established in section 83.60, Florida Statutes (2024). On September 5, 2024, the trial court struck Ford's answer and entered a default and default final judgment in favor of Landlord.

Two days later, Ford moved to set aside the default judgment, asserting, inter alia, that she had disputed Landlord's claim that any rent was due, that she had "not been granted [her] fair right to be heard," and that the court never responded to her request that she be advised how much she was required to pay into the registry of the court. Ford attached a series of emails between Ford and Landlord's property manager during July 2024, which indicate Ford was asking that Landlord apply her purported prepaid

3

payments, but Landlord consistently responded that nothing was prepaid except the security deposit, which would be returned to her after she moves out. Ford also attached to her motion to set aside the default a copy of the completed Form 1.947(b), Florida Rules of Civil Procedure (Answer-Residential Eviction), in which she reiterated that her application "prepays the obligation," and also that she had "sent in several tenders of payment with instructions, which are still in Plaintiff's possession, presuming discharge of debts owed to principal."

A writ of possession issued on September 13, 2024, and Ford filed an emergency motion to stay the writ pending a hearing on her motion to set aside the default judgment. The emergency motion to stay and motion to set aside the default final judgment were denied on September 20. The order indicated that Ford had failed to set forth reasonable grounds for relief and had failed to place the full amount of the rent monies (for missed payments in August and September 2024) into the court registry. This appeal followed.

## STANDARD OF REVIEW

Because the issue on appeal concerns a matter of statutory interpretation, we review the trial court's order de novo. Dudley v. State, 139 So. 3d 273 (Fla. 2014); Alfonso v. Maiuri, No. 3D24-0579, 2025 WL 700080 (Fla. 3d DCA March 5, 2025).

4

## ANALYSIS AND DISCUSSION

Landlord did not file a notice of appearance in this appeal or otherwise appear or participate in this appeal, and has been precluded from filing an answer brief.[1] Ford appears pro se in this appeal, and appeared pro se in the trial court as well. Although her pleadings and motions are far from a model of clarity, one assertion within them is clear: Ford alleged she paid her rent and did not owe any rent to Landlord. Given this assertion in her response to Landlord's complaint (as well as in subsequent filings with the trial court, which also requested a determination of rent amount to be paid into the court registry), the trial court erroneously entered a default final judgment without first conducting a hearing.

Section 83.56, Florida Statutes (2024), provides various rights and responsibilities as between landlord and tenant in the context of a residential rental agreement. Relevant to this appeal, section 83.56(3) provides:

> (3) If the tenant fails to pay rent when due and the default continues for 3 days, excluding Saturday, Sunday, and legal holidays, after delivery of written demand by the landlord for payment of the rent or possession of the premises, the landlord may terminate the rental agreement. Legal holidays for the purpose of this section shall be court-observed holidays only. The 3-day notice shall contain a statement in substantially the following form:

---

[1] We did issue an order allowing Landlord to file a memorandum of points and authorities at any time prior to the final decision in this cause, but Landlord has failed to do so.

You are hereby notified that you are indebted to me in the sum of ____ dollars for the rent and use of the premises (address of leased premises, including county) , Florida, now occupied by you and that I demand payment of the rent or possession of the premises within 3 days (excluding Saturday, Sunday, and legal holidays) from the date of delivery of this notice, to wit: on or before the ___ day of ___, (year) .

(landlord's name, address and phone number)

Once the rental agreement is terminated pursuant to section 83.56(3), and if the tenant fails to vacate the premises, section 83.59, Florida Statutes (2024) provides that "the landlord may recover possession of the dwelling unit," by filing a complaint in county court.

Once the complaint is filed, section 83.60 provides for a summary eviction procedure, which requires the tenant to pay into the court registry the accrued rent or timely request a determination of amount of rent, and further provides that the failure to do so will entitle the landlord to an "immediate default judgment for removal of the tenant with a writ of possession to issue without further notice or hearing thereon."

However, a tenant's obligation to pay rent into the court registry is not applicable where the tenant asserts, as a defense in response to the complaint, that she paid the rent:

In an action by the landlord for possession of a dwelling unit, ***if the tenant interposes any defense other than payment***, including, but not limited to, the defense of a defective 3-day

6

notice, <u>the tenant shall pay into the registry of the court the accrued rent as alleged in the complaint or as determined by the court and the rent that accrues during the pendency of the proceeding, when due.</u> The clerk shall notify the tenant of such requirement in the summons.

§ 83.60(2) (emphasis added).

Thus, the requirement to pay accrued rent into the registry of the court during the pendency of the eviction action is inapplicable where the tenant properly asserts the defense of payment. <u>Lee v. 1510 N.E. 109 St., LLC</u>, 324 So. 3d 993, 994-95 (Fla. 3d DCA 2021) ("A tenant's statutory obligation to place rent into the court registry arises within the context of 'an action by the landlord for possession of a dwelling unit' where the 'tenant interposes any defense other than payment.'" (quoting § 83.60(2), Fla. Stat. (2021))); <u>Kaufman v. High Seas, LLC</u>, 383 So. 3d 509 (Fla. 4th DCA 2024) ("'Section 83.60(2) is not discretionary; it compels a tenant defending against an eviction to pay into the court registry either (i) the amount of rent alleged to be due, or (ii) the amount of rent determined by the court, plus all rent that accrues during the case's pendency.' This is so even if the tenant has counterclaims pending. The only exception is if the tenant raises the defense of payment of rent." (quoting <u>1560-1568 Drexel Ave., LLC v. Dalton</u>, 320 So. 3d 965, 969 (Fla. 3d DCA 2021)) (additional citations omitted)).

A landlord's entitlement to an immediate default judgment and to possession of the premises is further statutorily circumscribed:

> **Failure of the tenant** to pay the rent into the registry of the court or ***to file a motion to determine the amount of rent to be paid*** into the registry within 5 days, excluding Saturdays, Sundays, and legal holidays, after the date of service of process ***constitutes an absolute waiver of the tenant's defenses other than payment,*** and the landlord is entitled to an immediate default judgment for removal of the tenant with a writ of possession to issue without further notice or hearing thereon. If a motion to determine rent is filed, documentation in support of the allegation that the rent as alleged in the complaint is in error is required.

§ 83.60(2), Fla. Stat. (2024) (emphasis added).

Thus, where the tenant files a proper motion to determine the amount of rent to be paid into the court registry, the court is required to hold a hearing to determine that amount. Axen v. Poah Cutler Manor, LLC, 323 So. 3d 800, 801 (Fla. 3d DCA 2021) (vacating final judgment of eviction, holding that "the undisposed-of motion to determine rent precluded entry of final judgment based on nonpayment."); 1560-1568 Drexel, 320 So. 3d at 969 ("[T]o give effect to [section 83.60(2)], when a tenant facing eviction raises any defenses to an eviction (other than payment of rent), and files a motion seeking a determination of rent due, the trial court is required to make that rent determination as quickly as possible; any delay in making that rent determination thwarts the statute's purpose of requiring a tenant to continue

8

to pay rent while defending against an eviction action."); see also Maiuri, 2025 WL 700080 at *2 ("Even though the Tenants, appearing pro se, did not explicitly request a hearing in their motion to determine rent, the Tenants were requesting a factual and legal determination that would be effectuated by an evidentiary hearing, the standard way of disposing of such motions.").

**CONCLUSION**

Because Ford interposed a defense of payment of rent, and further requested a determination of the amount of rent to be placed in the court registry during the pendency of the action, the trial court erred in entering a default final judgment without first holding a hearing, requiring vacatur of the default final judgment and the writ of possession.

We therefore reverse and remand with instructions to vacate the default final judgment and writ, and for further proceedings consistent with this opinion.[2]

---

[2] While it appears that Ford may have already been evicted, we do not deem the entire appeal moot, because "the eviction can have collateral consequences for the Tenants when they seek to obtain housing or credit." Alfonso v. Maiuri, No. 3D24-0579, 2025 WL 700080 at *3 (Fla. 3d DCA March 5, 2025).

9